IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY OWENS AND STACI OWENS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-2742 |
| | § | |
| BAC HOME LOANS SERVICING, L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a suit challenging an attempted mortgage foreclosure. After receiving notice that their home would be sold at a substitute trustee's sale, the plaintiffs and mortgagors, Jimmy Owens and Staci Owens, sued the mortgage servicer (BAC Home Loans Servicing, L.P. ("BAC")) and the substitute trustee (ReconTrust Company) in state court to enjoin the foreclosure. The state-court petition sought equitable remedies—an accounting and temporary and permanent injunctive relief—but did not assert any causes of action. The state court issued a temporary restraining order enjoining the foreclosure sale. The defendants timely removed the lawsuit to federal court, then moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docket Entry No. 5.) The defendants argued that the plaintiffs cannot obtain equitable relief without an underlying cause of action. The plaintiffs responded by moving for leave to file an amended complaint. (Docket Entry No. 15.) The proposed amended complaint asserts four causes of action—attempted wrongful foreclosure, violations of the Texas Deceptive Trade Practices Act ("DTPA"), negligent misrepresentation, and fraud—and adds BAC's successor-in-interest, Bank of America, N.A., as an additional defendant. The defendants argue that leave to amend should be

denied because amendment would be futile. (Docket Entry No. 17.) According to the defendants, the proposed amended complaint fails to state viable causes of action. The plaintiffs have replied to these arguments. (Docket Entry No. 18.)

Based on the pleadings; the motions, responses, and replies; and the relevant law, the court grants the motion for leave to amend and orders the amended complaint filed as of April 27, 2012. Construing the defendants' response to the motion for leave to amend as a motion to dismiss under Rule 12(b)(6) for failure to state a claim, this court grants the motion to dismiss. The plaintiffs may file an amended complaint no later than **May 25, 2012**. All other pending motions are denied as moot.

The reasons for these rulings are explained below.

**I.    Background**

The plaintiffs own a home in Harris County, Texas. When they refinanced their mortgage loan, they signed a $170,000 promissory note and executed a deed of trust granting a security interest in the property to Countrywide Home Loans, Inc. It appears that the Bank of New York Mellon, which is not a defendant in this action, is now the mortgagee. BAC is the mortgage servicer.

In May 2011, the plaintiffs received a letter and a foreclosure notice from ReconTrust, the company BAC had appointed to act as substitute trustee and sell the home at a foreclosure sale. The letter stated that they had defaulted on their mortgage loan; that they had failed to cure the default after the mortgagee sent them notice; that the mortgagee had accelerated the mortgage debt; and that the amount due was $207,735.01. The foreclosure notice stated that ReconTrust, the "Substitute Trustee," would sell the home on July 5, 2011, at a public auction.

On June 29, 2011, the plaintiffs sued in state court to enjoin the scheduled foreclosure sale. After the state court issued a temporary restraining order, the defendants removed to federal court and moved for judgment on the pleadings under Rule 12(c). The motion argued that the plaintiffs could not proceed on their claims for equitable relief without alleging an underlying cause of action that stated a basis for relief.

The plaintiffs responded by moving for leave to file an amended complaint. (Docket Entry No. 15.) In the proposed amended complaint, the plaintiffs allege that at an unspecified time, they "requested Countrywide to defer [their mortgage] payments as they became due . . . [because] Jimmy Owens's business was interrupted by Hurricane Ike." (Am. Compl. ¶ 5.) According to the Owenses, Countrywide "consented to this deferred arrangement." (*Id.*) The plaintiffs also allege that in March 2011, they applied for a loan modification with BAC. They allege that a BAC representative instructed them not to make any mortgage payments while their application was processed. (*Id.* ¶¶ 6, 7.) The plaintiffs allege that instead of the loan modification they expected, they received a notice informing them that their home would be sold at foreclosure on July 5, 2011 at 10:00 a.m. (*Id.* ¶ 8.) According to the plaintiffs, BAC did not provide them with the notices the Texas Property Code requires before conducting a nonjudicial foreclosure sale and did not disclose the "amount of late payments deferred by Countrywide." (*Id.* ¶¶ 8, 9.) Based on these allegations, the plaintiffs asserted causes of action for attempted wrongful foreclosure, violations of the DTPA, negligent misrepresentation, and fraud.

The defendants oppose the motion for leave to amend on the ground that the proposed amended complaint does not state a cause of action on which relief can be granted, making it futile to grant the motion for leave. The defendants contend that Texas law does not recognize a cause of action for attempted wrongful foreclosure; that the plaintiffs are not "consumers" under the

3

DTPA; and that the economic loss rule bars the plaintiffs' claims for fraud and negligent misrepresentation. (Docket Entry No. 17.) In their reply, the plaintiffs provide a "counter statement of facts" and argue that they are "consumers" under the DTPA, but do not address the defendants' other arguments. (Docket Entry No. 18.)

## II.    The Legal Standard

A plaintiff may amend its pleading once as a matter of course within "21 days of serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 21(b), . . . whichever is earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Because an amended complaint supercedes the original complaint and becomes the operative pleading[1], judicial economy is best served by addressing only the arguments directed at the proposed amended complaint. The court grants the plaintiffs' motion for leave to amend and orders the amended complaint filed as of April 27, 2012. In light of this ruling, the motion for judgment on the pleadings—directed at the state-court petition—is denied as moot.[2] The court construes the defendants' opposition to the motion for leave to amend as a motion to dismiss under Rule 12(b)(6), and the plaintiffs' reply to the opposition as a response to the motion to dismiss; the standards for a motion to dismiss under Rule 12(b)(6) and for ruling on a motion for leave to amend that is opposed as futile are the same. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996) ("In reviewing for 'futility,' the district court applies the same standard of legal

---

[1] *Eubanks v. Parker Cnty. Comm'rs Court*, No. 94-10087, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995)

[2] The motion to strike the plaintiffs' reply to the defendants' answer to the state-court petition and the plaintiffs' amended answer to the Rule 12(c) motion for judgment, (Docket Entry No. 14), is also denied as moot.

sufficiency as applies to a Rule 12(b)(6) motion."). The arguments for and against dismissing the amended complaint are analyzed in detail below.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id*. (internal quotation marks and citation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is

frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.    Analysis

### A.    The Claim for Attempted Wrongful Foreclosure

The plaintiffs allege that the defendants are liable for attempted wrongful foreclosure because they did not provide the notices the Texas Property Code requires before scheduling the July 5, 2011 foreclosure sale. But the parties do not dispute that no foreclosure has occurred and that the plaintiffs still live in their home. The governing case law compels dismissing the plaintiffs' cause of action. Texas law does not recognize a cause of action for attempted wrongful foreclosure. *See Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumount 1977, no writ) ("But, plaintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action."). Applying Texas law, district courts in the Fifth Circuit have consistently held that attempted wrongful foreclosure claims like the one asserted in this case are not cognizable. *See, e.g, Ramming v. JPMorgan Chase Bank, N.A.*, No. H–10–5011, 2012 WL 1122791, at *3 n.3 (S.D. Tex. Apr. 3, 2012); *Thomas v. EMC Mortg. Corp.*, No. 4:10–CV–861–A, 2011 WL 5880988, at *6 (N.D. Tex. Nov. 23, 2011); *Mortberg v. Litton Loan Servicing, L.P.*, 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011). The motion to dismiss the attempted wrongful foreclosure claims is granted, with prejudice because amendment would be futile.

### B. The DTPA Claim

The plaintiffs allege that the defendants violated the DTPA when BAC told them not to make any mortgage payments while their loan modification application was processed. According to the plaintiffs, BAC's representation was a deceptive trade practice under the DTPA because "it failed to disclose that deferment of [mortgage] payments would not be postponed." (Am. Compl. ¶ 21.)

"To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied). To qualify as a consumer, a person "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of [that person's] complaint." *Id.* "If either requirement is lacking, the party must look to the common law or some other statutory provision for redress." *Id.*

In this case, there are no allegations in the amended complaint that the plaintiffs sought to acquire or acquired, by lease or purchase, goods or services that form the basis of their DTPA claim. The Owenses sought a loan modification from the defendants. Their DTPA claim arises solely from their efforts to modify their mortgage loan. "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Id.* at 160. Courts have held that "subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'good or services' element of the DTPA." *Broyles v. Chase Home Fin.*, No. 3:10–CV–2256–G, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011). Because the plaintiffs sought to modify their mortgage

7

loan and not to acquire, by purchase or lease, a "good" or "service," they have not stated a viable DTPA claim. *See, e.g., Montalvo v. Bank of Am. Corp.*, No. SA–10–CV–360–XR, 2012 WL 1078093, at *7–11 (W.D. Tex. Mar. 30, 2012) (holding that a person seeking a mortgage-loan modification was not a consumer under the DTPA); *Cavil v. Trendmaker Homes, Inc.*, No. G–10–304, 2010 WL 5464238, at *4 (S.D. Tex. Dec. 29, 2010) (stating that "a mortgage or modification of a mortgage is not a good or a service under the DTPA").

The motion to dismiss the DTPA claim arising out of the plaintiffs' efforts to obtain a loan modification is granted, with prejudice because amendment would be futile.

### C. The Fraud[3] and Negligent Misrepresentation Claims

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). In addition, fraud claims must comply with the particularity requirements of Rule 9(b). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (internal quotation marks omitted). The plaintiff

---

[3] The amended petition does not use the word "fraud." Instead, it asserts a cause of action for "intentional misrepresentation." "Fraud" and "intentional misrepresentation" are the same cause of action. *See Netrana, L.L.C. v. TXU Business Servs. Co.*, No. 13-08-00264-CV, 2009 WL 3766575, at *4 (Tex. App.—Corpus Christi Nov. 12, 2009, no pet.) ("A claim of intentional misrepresentation has the same elements as a fraud claim." (citing *Smith v. Tilton*, 3 S.W.3d 77, 82 n. 3 (Tex. App.—Dallas 1999, no pet.)).

8

"must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (internal quotation marks omitted). "Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth specific facts supporting an inference of fraud." *Id.*

"The elements of a negligent misrepresentation claim are: (1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Martin K. Eby Constr. Co. v. LAN/STV*, 350 S.W.3d 675, 688 (Tex. App.—Dallas 2011, pet. filed). "Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims," the Fifth Circuit "has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010). "That is the case here, as [the plaintiffs'] fraud and negligent misrepresentation claims are based on the same set of alleged facts." *Benchmark*, 343 F.3d at 723.

The defendants argue that the economic loss rule bars the plaintiffs' fraud and negligent misrepresentation claims. A contractual relationship between two parties "may create duties under both contract and tort law," and "[t]he acts of a party may breach duties in tort or contract alone or

simultaneously in both." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Tort obligations "are in general obligations that are imposed by law—apart from and independent of promises made and therefore apart from the manifested intention of the parties—to avoid injury to others." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (internal quotation marks omitted). "If the defendant's conduct—such as negligently burning down a house—would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct—such as failing to publish an advertisement—would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Id.* "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes*, 711 S.W.2d at 618.

Before deciding whether the economic loss rule bars the fraud and negligent misrepresentation claims, the court must understand what these claims are. The plaintiffs describe their claims as follows:

> Plaintiffs have been damaged as a result of the representative of the first Note holder and representations which are in Exhibit C made about June 05, 2011 prior to commencement of this lawsuit, Plaintiffs have discovered Defendants the earlier misrepresentatives were made since Plaintiff commenced this lawsuit. The past representations made by Defendants agents responsible for accepting or waiving payments for accepting or waiving payments on the Note that past due payments would be applied to the end of the Note The Current representations were made by attorneys for Defendants who had apparent authority. Defendants did not exercise reasonable care in making such representations which were discovered to be false. Defendants had reason to expect that Plaintiffs would rely on these false representations. This lawsuit was commenced when it was apparent that Defendants would not defer payments or re-work the

10

> loan as represented but were intent on forfeiting Plaintiffs['] equity in their home and taking possession of Plaintiffs['] home.

(Am. Compl. ¶ 22.) This paragraph does not make the plaintiffs' claims clear. They may be claiming that the misrepresentations are the statements that BAC would defer the plaintiffs' mortgage payments or that the misrepresentations are a statement that the loan modification would be approved. Either way, the allegations do not satisfy Rule 9(b)'s particularity requirements. The plaintiffs have not clearly identified the statements alleged to be fraudulent or the speaker, stated where and when the statements were made, or explained why the statements were fraudulent. The fraud and negligent misrepresentation claims are dismissed both because they are unclear and because they do not comply with Rule 9(b).[4] The dismissal is without prejudice and with leave to amend.

## IV. Conclusion

The motion for leave to file an amended complaint is granted. The amended complaint is ordered filed as of April 27, 2012. The defendants' response to the motion for leave to amend is construed as a motion to dismiss under Rule 12(b)(6). The motion to dismiss is granted. The plaintiffs may file an amended complaint—that does not reassert the claims dismissed with prejudice and without leave to amend—no later than **May 25, 2012**. All other pending motions are denied as moot.

---

[4] *See Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) ("Likewise, the district court did not err in dismissing Pollett's fraud claim against Aurora because he did not plead this claim with specificity. Although he alleged that Aurora told him to default on his mortgage so that he would qualify for a loan modification and that it would not foreclose despite the default, he did not allege in the district court when and where Aurora's allegedly fraudulent statements were made.").

SIGNED on April 27, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge