**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JIMMY OWENS AND STACI OWENS, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-2742 |
| § | |
| BAC HOME LOANS SERVICING, L.P., *et al.*,§ | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is a suit challenging an attempted mortgage foreclosure. The plaintiffs, Jimmy and Staci Owens, sued their former mortgage lender, BAC Home Loans Servicing, and its successor, Bank of America, N.A.; their current mortgage lender, Bank of New York Mellon Corporation; and the substitute trustee, ReconTrust Company. The plaintiffs allege that in 2008, a representative of Countrywide, the plaintiffs' original mortgage lender, told them that their monthly loan payments would be deferred and that the deferred payments would not be reported to credit bureaus. The plaintiffs also allege that after they applied for a loan modification in 2010, a BAC representative told them they should not make their monthly loan payments while their loan application was pending. The plaintiffs allege that despite these statements, BAC attempted to foreclose on the plaintiffs' home when they did not make their monthly loan payments. In their first amended complaint, the plaintiffs assert causes of action for negligent misrepresentation, intentional misrepresentation and fraud, and promissory estoppel. (Docket Entry No. 20). The defendants move to dismiss for failure to state a claim the plaintiffs' negligent misrepresentation and promissory estoppel claims. (Docket Entry No. 21).

Based on the pleadings; the motion, response, and reply; and the relevant law, the defendants' motion to dismiss is granted. The plaintiffs' negligent misrepresentation and promissory estoppel claims are dismissed with prejudice. A status conference is scheduled for **May 9, 2013** at 9:30 a.m. in Courtroom 11-B.

The reasons for these rulings are explained below.

**I.     Background**

The plaintiffs own a home in Harris County, Texas. When they refinanced their mortgage loan, they signed a $170,000 promissory note and executed a deed of trust granting a security interest in the property to Countrywide Home Loans, Inc. The plaintiffs allege that sometime after Hurricane Ike struck the Houston area in September 2008 and damaged their home, Countrywide consented to a deferred payment arrangement and promised not to report the plaintiffs' delinquency to credit bureaus.

When Countrywide merged with Bank of America, BAC became the servicer for the plaintiffs' mortgage. In March 2010, the plaintiffs applied for a loan modification. The plaintiffs allege that BAC directed them to defer their mortgage payments until the loan-modification application was reviewed. On March 9, 2011, a BAC representative asked the plaintiffs to supplement their application with a hardship letter, which the plaintiffs provided. BAC later denied the plaintiffs' loan-modification application.

In May 2011, the plaintiffs received a letter and a foreclosure notice from ReconTrust, the company BAC had appointed to act as substitute trustee and sell the home at a foreclosure sale. The letter stated that the plaintiffs had defaulted on their mortgage loan; that they had failed to cure the default after the mortgagee sent them notice; that the mortgagee had accelerated the mortgage debt;

and that the amount due was $207,735.01. The foreclosure notice stated that ReconTrust, the "Substitute Trustee," would sell the home on July 5, 2011 at a public auction.

On June 29, 2011, the plaintiffs sued in state court to enjoin the scheduled foreclosure sale. After the state court issued a temporary restraining order, the defendants removed to federal court and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The defendants argued that the plaintiffs could not proceed on their claims for equitable relief without alleging an underlying cause of action that stated a basis for relief. Sometime after the plaintiffs filed suit, their mortgage was assigned by BAC to Bank of NY. (Docket Entry No. 20, ¶ 21). The plaintiffs responded by moving for leave to file an amended complaint. The proposed amended complaint asserted causes of action for attempted wrongful foreclosure, violations of the Texas Deceptive Trade Practices Act (DTPA), negligent misrepresentation, and fraud. (Docket Entry No 15). The defendants opposed granting leave to amend. (Docket Entry No. 17). In a previous opinion, this court denied the plaintiffs leave to amend to assert attempted wrongful foreclosure and DTPA claims because the plaintiffs' proposed amendments failed as a matter of law. This court also held that the plaintiffs' fraud and negligent misrepresentation claims failed under Federal Rules of Civil Procedure 12(b)(6) and 9(b) because they were unclear. The court's dismissal of the fraud and negligent misrepresentation claims was without prejudice and with leave to amend. (Docket Entry No. 19).

The plaintiffs filed their first amended complaint asserting claims for negligent misrepresentation, intentional misrepresentation and fraud, and promissory estoppel. (Docket Entry No. 20). The defendants have moved to dismiss the negligent misrepresentation and promissory estoppel claims. They do not address the plaintiffs' intentional misrepresentation and fraud claims. (Docket Entry No. 21).

## II.     The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id*. (internal quotation marks and citation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A.

WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**III.     Analysis**

    **A.     The Promissory Estoppel Claim**

The plaintiffs allege that, in September 2008, they spoke to a Countrywide representative named Damon who agreed temporarily to suspend and defer their mortgage payments "to the end of the mortgage note." (Docket Entry No. 20, ¶ 30).[1] The plaintiffs allege that they relied on Countrywide's representation and as a result, were forced to hire an attorney and have suffered damages due to lost time from work, loss of credit reputation, and loss of profit and business opportunities.

The elements of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to her detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Promissory estoppel is a cause of action available to a promisee who has acted to her detriment in reasonable reliance on an otherwise unenforceable promise. *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *5 (S.D.

---

[1] The plaintiffs argue that this court should decline to rule on this motion because the defendants have not provided the plaintiffs with a copy of Countrywide's mortgage file as part of its initial disclosures under Federal Rule of Civil Procedure 26(a) and in response to the plaintiffs' requests for production. The plaintiffs contend that these documents are necessary "so a determination can be made as to the assumption of liabilities of Countrywide by Bank of America and BAC Home Loan Servicing, L.P." (Docket Entry No. 22 at 3–4). The assumption of Countrywide's liabilities is not raised by the defendants' motion to dismiss. The plaintiffs have not shown why this court should delay ruling on the defendants' motion.

Tex. Feb. 21, 2012). Promissory estoppel is an alternative to a breach of contract claim. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). "Promissory estoppel does not create a contract where none existed before, but only prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.).

The defendants argue that the plaintiffs' promissory estoppel claims are barred by the statute of frauds. Under § 26.02 of the Texas Business and Commerce Code, the statute of frauds applies to loan agreements valued at more than $50,000. TEX. BUS. & COM. CODE § 26.02; *see* also *Deuley v. Chase Home Finance LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 25, 2006) ("The oral modification in this case relates to the original loan agreement, which must be in writing because it exceeds $50,000. Thus, the modification is also required to be in writing to comply with the statute of frauds." (citing § 26.02(a)(2))). For statute-of-frauds purposes, Texas law defines "loan agreement" broadly to include "one or more promises . . . pursuant to which a financial institution . . . agrees to . . . delay repayment of money, goods, or another things of value or to otherwise extend credit or make a financial accommodation." TEX. BUS. & COM. CODE § 26.02(a)(2). The plaintiffs allege that they executed a promissory note in favor of Countywide for $170,000. (Docket Entry No. 20, ¶ 6). The alleged agreement to defer the mortgage payments is covered by the statute of frauds.

When the statute of frauds applies, promissory estoppel is available only if the alleged oral promise is a promise to sign an existing document that satisfies the statute of frauds. *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds.

That is, the agreement must be in writing at the time of the oral promise to sign it." (internal quotation omitted)). The plaintiffs state that they "were advised not to make any payments on their loan until the Loan Modification was complete." (Docket Entry No. 20, ¶ 9). But they have not alleged that any of the defendants made an oral promise to sign an existing document that satisfied the statute of frauds.

The plaintiffs' promissory estoppel claims are dismissed. The dismissal is with prejudice because leave to amend would be futile.[2]

### B. The Negligent Misrepresentation Claims

The plaintiffs allege that a Countrywide representative told them that it would "grant Plaintiffs a deferment on their monthly loan payments, would place such payments on the back of the loan, and would not report any delinquency in such payments to the credit bureaus." (Docket Entry No. 20, ¶ 11). The plaintiffs further allege that, despite these representations, Bank of America placed the loan in default and initiated foreclosure proceedings on their home. (*Id.*, ¶ 15).

The elements of a negligent misrepresentation claim are: "(1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the

---

[2] The plaintiffs argue that this court should deny the defendants' motion to dismiss because the motion "does not advise the Court which defendant is entitled to relief from which specific Counts addressed in the First Amended Complaint." (Docket Entry No. 22 at 4). The defendants' motion to dismiss is sufficiently specific to allow the plaintiffs to respond to, and this court to evaluate, the arguments for dismissal.

representation." *Martin K. Eby Constr. Co. v. LAN/STV*, 350 S.W.3d 675, 688 (Tex. App.—Dallas 2011, pet. filed).

The defendants argue that the plaintiffs' negligent misrepresentation claims are barred by the economic loss rule. Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). A contractual relationship between two parties "may create duties under both contract and tort law," and "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Tort obligations "are in general obligations that are imposed by law — apart from and independent of promises made and therefore apart from the manifested intention of the parties — to avoid injury to others." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (internal quotation marks omitted). "If the defendant's conduct — such as negligently burning down a house — would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct — such as failing to publish an advertisement — would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Id.* "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes*, 711 S.W.2d at 618.

In this case, the injuries that the plaintiffs allege, such as loss of title and damage to credit, are barred by the economic loss rule because they are the subject of the mortgage contract with the defendants. The parties' rights and duties relating to loan repayment and foreclosure flow from the mortgage note and deed of trust. Countrywide's oral statement that it would grant the plaintiffs a

deferment on their monthly loan payments was at most a promise "to forgo a pre-existing contractual right to foreclose under the loan agreement." *Ellis v. PNC Bank*, N.A., 2012 WL 2958266, *4 (S.D. Tex. 2012). The loss of the home is an economic damage that arises solely and directly from the alleged breach of this contractual relationship. *Sanghera v. Wells Fargo Bank*, N.A. 2012 WL 555155, *6 (N.D. Tex. 2012). In light of the source of the parties' obligations and the nature of the plaintiffs' injuries, this tort cause of action is barred by the economic loss rule.

The negligent misrepresentation claims are also barred by the statute of frauds. In *Sloane*, 825 S.W.2d 439, the Texas Supreme Court considered whether a bank's failure to offer a loan to prospective borrowers after incorrectly stating that their loan application had been approved subjected the bank to liability for making a false misrepresentation. The court noted that the Texas statute of frauds requires many loan agreements to be in writing. The court held that the statute of frauds did not apply in the circumstances of that case because the prospective borrowers and the bank had not entered into a loan agreement. It stated, however, that when parties *have* entered into an agreement, "a claim of negligent misrepresentation may not be used to circumvent the statute of frauds." *Id.* at 442.

Unlike the plaintiffs in *Sloane*, the plaintiffs here are parties to a loan agreement that is subject to the statute of frauds. As explained above, a delay of repayment or financial accommodation is required to be in writing under § 26.02(a)(2) of Texas Business and Commerce Code. The plaintiffs have not submitted or pointed to summary judgment evidence suggesting that Countrywide entered into a written agreement to defer their monthly payments. Their negligent misrepresentation claims are an improper attempt to circumvent the statue of frauds. *See Gamez v. Wells Fargo Bank, N.A.*, 2013 WL 960464, at *5 (S.D. Tex. 2013) (holding that the borrowers'

negligent misrepresentation claims based on a lender's statement that foreclosure sale was cancelled were barred by the statute of frauds).

The plaintiffs have also failed to plead a viable negligent misrepresentation claim because Countrywide's statement that it "would" grant the plaintiffs a deferment on their monthly loan payments was a promise of future action. Under Texas law, a negligent misrepresentations claim must be based on a statement of existing facts. *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). ("A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." (citations omitted)). The plaintiffs do not state that they were told that Countrywide had already agreed to defer payments.

The defendants also argue that the plaintiffs' negligent misrepresentation claims are barred by limitations. A two-year limitations period applies to a claim for negligent misrepresentation. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); TEX. CIV. PRAC. & REM. CODE § 16.003(a). Generally, that limitations period begins to run when a particular cause of action accrues, that is, "when a wrongful act causes a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred." *Walker*, 296 S.W.3d at 694 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998)). The defendants point out that, according to the pleadings, the alleged misrepresentations giving rise to the plaintiffs' claims were made in September 2008. These misrepresentation were made more than two years before the plaintiffs filed suit in June 2011.

The plaintiffs respond that the continuing tort doctrine and equitable tolling apply to suspend or delay the accrual of the limitations period. The continuing tort doctrine applies to tortious acts that are inflicted over a period of time and repeated until desisted. It provides that a cause of action

for a continuing tort does not accrue until the tortious act ceases. *W.W. Laubach Trust/The Georgetown Corp. v. The Georgetown Corp./W.W. Laubach Trust*, 80 S.W.3d 149, 159 (Tex. App. — Austin 2002, pet. denied).

The plaintiffs state that they continually relied on statements by Countrywide and Bank of America telling them that they should not make mortgage payments. The plaintiffs allege that in 2008 a Countrywide representative promised to defer their monthly loan payments. It is unclear from the plaintiffs' amended complaint and response to the motion to dismiss what relationship, if any, BAC's alleged statements in 2010 that monthly payments did not have to be made while the loan-modification application was under consideration had to Countrywide's alleged statement in 2008 that it would defer their monthly payments. The complaint suggests that BAC's representations were separate from anything Countrywide stated, and based solely on the pendency of the plaintiffs' March 2010 loan-modification application. (Docket Entry No. 20, ¶ 8). The plaintiffs have not shown a basis for applying the continuing tort doctrine.

The plaintiffs also argue that "equitable tolling" is appropriate. Equitable tolling applies when the claimant has actively and diligently pursued his judicial remedies or has been induced or tricked by his adversary's misconduct into allowing filing deadlines to pass. *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App. — Eastland 2003, no pet.). The plaintiffs do not contend that they acted with diligence in challenging Countrywide's alleged misrepresentation, and there is no basis for finding that the defendants tricked the plaintiffs into waiting until the statute of limitations had passed before filing their complaint.

It appears that the plaintiffs are also invoking the doctrine of fraudulent concealment to toll the statute of limitations. Like equitable tolling, fraudulent concealment is an equitable defense to limitations that prevents the defendant from relying on the statute of limitations. *Borderlon v. Peck*,

661 S.W.2d 907, 908 (Tex. 1983). Fraudulent concealment requires a plaintiff to show: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiffs reasonable reliance on the deception. *Markwardt v. Texas Indus., Inc*., 325 S.W.3d 876, 895 (Tex. App. — Houston [14th Dist.] 2010, no pet.). Fraudulent concealment tolls the statute of limitations until the plaintiff, using reasonable diligence, discovered or should have discovered the injury. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999). The plaintiffs have not alleged facts suggesting that the defendants were aware that Countrywide had negligently misrepresented that they had agreed to a deferral agreement or that the defendants used deceptive means to conceal the misrepresentation from the plaintiffs. The plaintiffs have not shown that fraudulent concealment applies.

The plaintiffs also appear to argue that the discovery rule applies. The discovery rule operates to defer accrual of a claim until the plaintiffs knew or in the exercise of reasonable diligence should have known of the wrongful act causing their injury. *Salinas v. Gary Pools, Inc*., 31 S.W.3d 333, 336 (Tex. App.—San Antonio 2000, no pet.). The discovery rule is "a very limited exception to statutes of limitations" and applies only when the plaintiffs' injury is inherently undiscoverable and objectively verifiable. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 734–35. "Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry . . . is equivalent to knowledge of the cause of action for limitation purposes." *Southwest Olshan Found. Repair Co., LLC v. Gonzales*, 345 S.W.3d 431, 438 (Tex. App.—San Antonio 2011, no pet.h.).

The plaintiffs contend that they could not have known about the Countrywide representative's negligent misrepresentation until June 2011. The plaintiffs point to *Murphy v. Campbell*, 964 S.W.2d 265 (Tex. 1997), a Texas Supreme Court decision holding that the discovery rule may apply to delay accrual of a cause of action based on faulty tax advice "because of the difficulty a lay person has in knowing of the fault in the advice." *Id.* at 270. They argue that it would be unreasonable to expect the plaintiffs to have discovered their injuries "when all they were attempting to do was [to] follow the directions of those that were presumed 'sophisticated' in lending matters, so as to save their home." (Docket Entry No. 22 at 1).

The plaintiffs' discovery rule argument fails as a matter of law. They have not cited cases extending *Murphy* to the lending context. Even if the discovery rule might apply in some lending situations, the plaintiffs have not pleaded facts suggesting that it is appropriate in this case. The plaintiffs, exercising reasonable diligence, could have taken steps to confirm whether their mortgage payments had been deferred by Countrywide, including by reviewing written mortgage documents to see whether they were consistent with what they had been told orally. Unlike legal and tax advice, which involve complicated rules that may require years of training to understand, a lay person is capable of reading and understanding a payment schedule. The plaintiffs have not pointed to any facts suggesting that the discovery rule applies to defer accrual of the limitations period on their negligent misrepresentation claims.

The plaintiffs' negligent misrepresentation claims fail because they are barred by limitations, the statute of frauds, and the economic loss rule, and because the plaintiffs did not plead a misrepresentation of existing facts. The negligent misrepresentation claims are dismissed with prejudice because leave to amend would be futile.

**IV.   Conclusion**

For the reasons stated above, the defendants' motion to dismiss is granted. The plaintiffs' negligent misrepresentation and promissory estoppel claims are dismissed with prejudice. A status conference on the remaining claims is scheduled for **May 9, 2013** at 9:30 a.m. in Courtroom 11-B.

SIGNED on March 30, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge